UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
JOENELL L. RICE,                              :      CASE NO. 1:16 CV 0004
                                              :
         Plaintiff,                           :
                                              :
vs.                                           :      OPINION & ORDER
                                              :
UNITED STATES DISTRICT COURT,                 :
                                              :
         Defendant.                           :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Joenell L. Rice, identifying himself as a federal inmate, has filed this *in forma pauperis* civil rights action seeking $5 million in damages against the "United States District Court for the Northern District of Ohio" (hereinafter, the "United States District Court"). The alleged basis for his complaint is that he was physically assaulted by two police officers in connection with an arrest that occurred on January 8, 2015.

Although pleadings filed by *pro se* litigants are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), federal district courts are required under 28 U.S.C. §1915A to screen and dismiss before service any action in which a prisoner seeks redress from a governmental entity that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A.

The plaintiff's complaint must be dismissed under §1915A. The plaintiff has failed to allege any plausible claim against the United States District Court, even to the extent his complaint can be liberally construed as asserting constitutional claims of excessive force based

on the conduct of police officers. Because the United States District Court is a federal entity, the plaintiff cannot assert a claim for damages against it under 42 U.S.C. §1983, which prohibits constitutional violations by defendants who act under color of state law. *See* 42 U.S.C. §1983. In addition, the plaintiff cannot assert a claim for damages against the United States District Court under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), which recognized a limited cause of action for damages against federal government officials alleged to have violated a citizen's constitutional rights. The Supreme Court has made clear that the purpose of *Bivens* is to deter individual federal officials, not federal agencies or entities, from committing constitutional violations. Therefore, damage claims under *Bivens* may only be asserted against individual federal officials and not federal entities, including the United States and its agencies. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001).

In sum, the plaintiff has failed to allege any plausible claim on which relief may be granted against the only defendant the plaintiff names in this case; accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A.[1] The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 26, 2016            *s/ James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[1] If the plaintiff wishes to bring a damages claim against any other individual or entity, he must identify such defendant and file a new lawsuit.